### No. 4656.

### THE NEW ORLEANS, FLORIDA, AND HAVANA STEAMSHIP COMPANY VS. THE OCEAN DRY DOCK COMPANY.

The plaintiffs sue the defendants for the amount of subscription by the latter to the stock of the former. But the subscribing to the stock of the plaintiffs is not incidental to, nor necessarily connected with, the purpose and business for which the defendants were organized as a company, and is clearly beyond the power and authority conferred by the charter. The owning and navigating of steamships is a distinct business, and it seems rational that the docking and repairing of such vessels would be the subordinate, secondary consideration, and not that the owning of stock in a steamship company would be an incident to the business of docking and repairing vessels. It follows that the obligation set out in plaintiffs' petition can not be enforced.

A corporation, being the creature of the law, possesses only those powers which the charter of its creation confers upon it, either expressly or as incidental to its very existence.

The modern doctrine is to consider corporations as having such powers as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into effect the powers expressly granted, and not as having any others.

Corporations can not enter into a business other than that which they are authorized by law to do, and persons dealing with the managers must take notice of the limitations imposed upon their authority by their charters.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Leovy & Monroe,* for plaintiffs and appellants. *Bentinck Egan* for defendants and appellees.

HOWELL, J. The plaintiffs sued the defendants for the amount of subscription by the latter to the stock of the former. The defense, among other grounds, is that the alleged subscription is *ultra vires*, the defendant company being incorporated solely for "the building and maintaining or purchasing one or more docks, and the docking, repairing, and building of river and sea-going vessels, and for such other business as

174        SUPREME COURT OF LOUISIANA,

N. O., Florida. and Havana Steamship Company vs. Ocean Dry Dock Company.

belongs or is incidental to the purpose and business aforesaid," and not to incorporate other companies or take stock therein.

The plaintiffs contend that, by the testimony of the president of the defendant company, the subscription was made as being incidental to the objects for which his company was incorporated, as the inducement " was that the dry dock company should have the business of docking and repairing the vessels of the steamship company." This position, that the subscription was incidental to the business of the defendants, within the purview of their charter, is a deduction from the evidence on the merits of the case, and if it be accepted as proven, the evidence also shows that the defendant company did not get the business of docking and repairing the vessels of the plaintiff company; and hence the latter can derive no advantage from the position.

But the subscribing to the stock of the plaintiff company is not incidental to nor necessarily connected with the purpose and business for which the defendant company was organized, and is clearly beyond the power and authority conferred by the charter. The owning and navigating steamships is a distinct business, and it seems rational that the docking and repairing of such vessels would be the subordinate, secondary consideration, and not that the owning of stock in a steamship company would be an incident to the business of docking and repairing vessels. It follows that the obligation set out in plaintiffs' petition can not be enforced.

"A corporation, being the creature of the law, possesses only those powers which the charter of its creation confers upon it, either expressly or as incidental to its very existence." 7 An. 314.

" The modern doctrine," says Chancellor Kent, " is to consider corporations as having such powers as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into effect the powers expressly granted and not as having any others. * * * As corporations are the mere creatures of the law, established for special purposes, and deriving all their powers from the acts creating them, it is perfectly just and proper that they should be obliged strictly to show their authority for the business they assume and be confined in their operations to the mode and manner and subject matter prescribed." 2 Kent, sections 279, 299.

In the case of Pierce vs. Madison, 21 Howard 441, the Supreme Court of the United States held that corporations can not ent r into a business other than that which they were authorized by law to do, and persons dealing with the managers must take notice of the limitations imposed upon their authority by their charters. And hence, where railroad companies, without authority of law, assume to purchase a steamboat, to be run in connection with their railroad, the notes given for their boat

were void, and the holder could not recover on them against the corporation.

And in the case of Sumner vs. Marcy, 3 Woodbury & Minot's Rep. 105, it was held that a manufacturing company can not legally invest money in a bank for the purpose of carrying on the banking business, nor can it issue promissory notes in payment of shares in a banking company which will bind the corporation or its members.

These principles of law, so well settled and fully recognized, apply to the subscription to stock in this case.

Judgment affirmed.