## Douglas A. Myers v. Equitable Building and Loan Society.

1. Building and Loan Associations—*What is Necessary to Entitle the Secretary to Compensation.*—In order to entitle the secretary of a building association to compensation for his services, the charter must fix the amount of his compensation.

2. Same—*Where the Secretary's Compensation Can Not be Fixed by the Directors.*—Where, prior to the act of July 1, 1893, permitting amendments to by-laws, the by-laws of a building association did not fix the compensation of its secretary, but provided such compensation should be fixed by the directors and paid out of the expense fund, *held* that the compensation had not been provided for in the charter and a contract by the directors with the secretary to pay him a compensation was void.

3. Same—*Where Not Estopped from Setting up the Invalidity of the Contract Providing for the Compensation of the Secretary.*—Where a secretary of a building association renders services under a void contract to pay him compensation therefor, the acceptance of the services does not estop the association from setting up the invalidity of the contract.

Assumpsit, for services, etc.—Appeal from the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

Dan R. Sheen, attorney for appellant.

Winslow Evans, attorney for appellee; John J. Crowder, of counsel.

Mr. Justice Dibell delivered the opinion of the court.
In this action of assumpsit by Douglas A. Myers against

the Equitable Building and Loan Society of Peoria, plaintiff dismissed the common counts, and relied upon an amended special count, to which the court below sustained a special demurrer. Plaintiff elected to abide by the amended special count, and the court entered a judgment in bar and for costs against him, from which he prosecutes this appeal.

The amended special count averred defendant was a corporation organized in 1890 under the Illinois homestead loan association act; that its by-laws provided that the compensation of its secretary should be fixed by the directors and paid out of its expense fund, and provided for the creation of an expense fund; that plaintiff was elected secretary of the society and appointed manager of its agencies on May 2, 1890, and again on May 2, 1891, and acted as such for said two terms of one year each, under written contracts not pleaded; that under said contracts he performed services worth $3,000, " and by the terms of said employment expended for defendant at its request " $1,000, whereby plaintiff became entitled to receive said sums which defendant, by said written contracts, promised to pay plaintiff for said services and advances; in consideration of which premises plaintiff and defendant had an accounting together of the sums due plaintiff for services and advances, and therefrom found defendant indebted to plaintiff in the sum of $2,000. The count further averred that in consideration of the premises defendant again elected plaintiff its secretary on May 2, 1892, and in consideration of its said indebtedness to plaintiff entered into a written contract set out in full. By the terms of the contract defendant employed plaintiff to act as its secretary for one year from that date and to perform the services required by its by-laws, and agreed to pay him out of the expense fund for his services as secretary during the year and in liquidation of all claims, $300 monthly, and one cent per month during said year per share of each and every one of the monthly payments actually made on every share of stock subscribed to defendant in the twenty-fifth to thirty-sixth series inclusive. This payment was to be

made monthly in sums not less than one cent per share per month of all shares in good standing in the society, or as much more as the expense fund would admit, till the salary and commissions accrued under the contract were paid; and defendant was also to pay plaintiff's necessary expenses when necessarily traveling in defendant's interests. The count averred that plaintiff discharged the duties of secretary as required by the by-laws for the specified year, stated the amount due plaintiff under said contract, and that an expense fund was created which was sufficient to pay him all that was due him. The count then charged that thereafter plaintiff and defendant had a further accounting together, and found due from defendant to plaintiff by reason of the premises $3,000, and in consideration thereof defendant promised to pay plaintiff said sum, but though often requested, failed to do so, whereby an action accrued to plaintiff.

This case is closely connected with that of James P. Fritze against the same society, which was before us in 83 Ill. App. 18. (Fritze v. Equitable B. & L. Society, 186 Ill. 183.) In that case Fritze, a director and vice-president, was on motion of the present plaintiff, another director, made manager of agencies at about the same salary provided for the present plaintiff by the contract here in suit. Both contracts cover the same period, from May, 1892, to May, 1893, and they are of substantially the same tenor, except that while Myers was to have the same fixed salary as Fritze, the commissions of the former were to be less. In the Fritze case we expressed the conviction that the directors would be tempted to make these favors mutual, and it now appears such was in fact the course pursued. Under his contract Fritze earned, during the year, $4,789.06. Myers' earnings under this contract, according to the allegations of the amended special count, would be about $4,200. Thus we have two officers of a homestead loan society mutually assisting each other to salaries of about $9,000 in a single year. We regard this as contravening the purpose of the law under which defendant was organized, which was to

provide an inexpensive system by which members might periodically save and invest small pittances out of their earnings, and accumulate their savings, and by which any member might receive from the accumulations sufficient to enable him therewith to build a home, and mortgage the home to secure the repayment of the sum so advanced, and ultimately to clear the home by replacing the sum advanced out of future savings. The only important difference between the two cases is that section five of the statute forbids a vice-president receiving compensation, but as to the secretary it enacts that "the secretary only shall be entitled to compensation, and in such amount as shall be provided for in the charter of such association."

Section two of the statute, from which defendant derived all its authority, enacts that at the first meeting of the subscribers to the capital stock, called as soon as one hundred or more shares are subscribed, the subscribers shall adopt a charter and by-laws. Section three requires a copy of the charter and by-laws, with the other proceedings relating to the organization of the association, to be filed with the Secretary of State. The latter is to issue a certificate of complete organization, with a copy of all papers filed with him, which the association must cause to be recorded in the recorder's office of the county where the association is located, and when said certificate and accompanying papers are so recorded, the association shall be deemed to be fully organized and may proceed to business. Power to amend or alter the by-laws was conferred by the act in force July 1, 1893, amending section three, but no power to amend existed during the period covered by the contract upon which this suit is brought. It is not averred the by-laws of defendant fixed the compensation to be paid the secretary, but only that they established an expense fund and provided that the salary of the secretary should be fixed by the board of directors and paid out of the expense fund. The main question is whether these by-laws were such a compliance with the statute as entitled plaintiff to the compensation fixed by the directors by the contract of May 2, 1892.

Plaintiff contends that it would be a sufficient compliance with section five of the statute if the charter either provided by whom the compensation of the secretary should be fixed or out of what funds it should be paid, and that defendant's by-laws complied with said enactment in two ways: first, by providing that the compensation of the secretary should be fixed by the board of directors, and, second, by providing that it should be paid out of the expense fund. We think this position does not give full effect to the language and purpose of the statute. The association provided for by the statute receives moneys from monthly dues, interest and fines. Certain expenses are necessarily implied. The society must become liable for office rent, office furniture, stationery and clerk hire, and for the compensation of a secretary when lawfully established. There is nothing in the statute to indicate any doubt that all lawful expenses are chargeable upon and payable out of the funds of the society, no matter from what source derived. We think it the unquestionable duty of the directors to pay all lawful expenses out of any funds on hand. While they may, no doubt, separate the funds for convenience of keeping accounts if they desire, such a division does not relieve any part thereof from liability for the payment of all legitimate expenses. Therefore the by-law providing that the secretary's compensation should be paid out of the expense fund was wholly unnecessary, and could not have been the provision relative to the secretary's compensation intended by section five of the statute. Moreover the corporate powers were intrusted to the board of directors, and therefore if the statute had only said "the secretary only shall be entitled to compensation," the power of the board of directors to fix that compensation would have been complete. But the statute added, " and in such amount as shall be provided for in the charter." It was not payment that was to be provided for in the charter, nor the fund out of which payment should be made, nor the body by which the allowance should be made. It was the amount that was to be provided for in the charter. The purpose of sec-

tion five of the statute was to make the system inexpensive, and to guard against the natural tendency of the directors to provide a remuneration for each other. It says in effect that the directors as such, and the president, vice-president and treasurer shall receive no compensation. It does authorize a compensation for the secretary. But the law-makers were not content to leave the fixing of that compensation to the directors. The stockholders adopt the charter, and it was that body which was authorized to determine the " amount" which might be paid the secretary. Doubtless that could be done either by fixing a stated monthly or annual sum, or by adopting some flexible method, like a commission, or a certain sum per month or year on each share subscribed; but this provision was to be made by the stockholders and embodied in the charter, and remain unchangeable so long as the charter was not amendable, and was to be spread of record in the recorder's office of the county. All parties becoming stockholders in this association thereafter had a right to rely upon the fact that the charter had not fixed the amount of a salary for the secretary, and that therefore the secretary must serve without pay, the same as the other officers, unless subsequent legislation should give the power to amend the charter or should authorize the amount of the compensation to be fixed in some other manner. They had a right to rely upon the fact that neither the directors nor their fellow-stockholders could expend their earnings for salaries while the statute remained unchanged.

The mere fact that one is an officer of a corporation and performs the active duties of the office, does not entitle him to compensation or a salary. Even though the board of directors have power to provide a salary for an office they must vote to establish a salary for such office or its incumbent can not collect a salary. (St. L., A. & S. R. R. Co. v. O'Hara, 177 Ill. 525.) Plaintiff must be held to have served as secretary with full knowledge of the law as it then stood, and of the fact that the amount of compensation had not been fixed by the charter, and could not be

fixed in any other mode, the rule being that one dealing with a corporation having limited powers conferred by law is chargeable with notice of the powers and their limitations, and can not plead ignorance thereof · to avoid the defense of *ultra vires.* (National Home Building Association v. Home Savings Bank, 181 Ill. 35.) Under the charter of this association we hold the secretary was bound to serve without pay, equally with the president, vice-president and treasurer, and the other directors. Where the charter has placed the corporation in such a position that neither its stockholders nor its board of directors have power to fix the amount of a salary to be paid an officer, an agreement by the board to pay such officer a salary is void for want of power to make it; and ·as such agreement is neither within the powers of the board nor of the stockholders, there is no power to ratify it by accepting the services of the officer under such void contract. In such case the acceptance of the benefits of the contract does not create an estoppel. (National Home Building Association v. Home Savings Bank, *supra;* Fritze v. Equitable B. & L. Society, 186 Ill. 183.)

It is suggested that under the allegations of the amended special count the moneys advanced by plaintiff for defendant under the two prior contracts could be recovered, and therefore the demurrer should not have been sustained. These advances are alleged to have been in pursuance of the provisions of two prior written contracts, one executed in 1890 and the other in 1891. These contracts are not set out in the amended special count, nor is their legal purport and effect stated. They are not pleaded. As they are not pleaded, it is not shown by averment that the association had legally bound itself to pay said advances. It is further suggested that the amended special count avers that after the period covered by said two contracts, and before the making of the contract of 1892 declared upon, plaintiff and defendant accounted together concerning said advances · and found a certain sum due therefor, and under that allegation the advances could be recovered. The demurrer

was special, and one cause assigned was that it was duplic-
ity to join in the same count an account stated and a cause
of action upon a written contract. We need not determine
that question, for we are of opinion the amended special
count declares solely upon the written contract. The alle-
gation of a previous account stated is averred as a mere
matter of inducement to the making of the written con-
tract declared upon. The amended special count did not
charge that any advances were made by plaintiff under the
written contract declared upon, nor that there was any-
thing unpaid for advances thereunder. All it charges con-
cerning the written contract declared upon is that plaintiff
performed services as secretary under said contract. If
there were any advances by plaintiff prior to the making
of the written contract declared upon in the amended spe-
cial count, for which defendant was legally liable, they could
have been recovered under the common counts originally
filed, and when plaintiff dismissed those counts he withdrew
from this suit any cause of action he may have had therefor.

We are of opinion the demurrer was properly sustained.
The judgment is therefore affirmed.