### S. W. Love, Trustee, and A. J. Wagner, Executor, Defendants in Error, v. Metropolitan Church Association and Nicholas H. Larry, Plaintiffs in Error.

1. Religious societies, § 22*—power to acquire real estate. An incorporated church association has power to purchase real estate for its corporate purposes and to borrow money and mortgage such property to secure the loan.

2. Religious societies, § 25*—when church association estopped to question authority of its officers to mortgage. Where the president and secretary of the board of trustees of an incorporated church association give a mortgage on real estate purchased by them for a church site to secure notes given for the purchase money, the association is estopped to question the authority of such officers to give the mortgage, where it has received the benefits, and the acts of the association in taking possession and control of the property warrant the conclusion that the acts of such officers have been ratified.

3. Corporations, § 346*—ratification of acts of officers. Very slight circumstances are sufficient to establish a ratification by a corporation of the acts of its officers where the benefits have all inured to its advantage.

Error to the Circuit Court of Champaign county; the Hon. Solon Philbrick, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913. Rehearing denied October 15, 1913. Certiorari granted by Supreme Court.

F. Wm. Kraft, for plaintiffs in error.

Schaefer & Dolan, for defendants in error.

Mr. Justice Creighton delivered the opinion of the court.

This was a bill filed by the defendants in error in the Champaign County Circuit Court, to foreclose a mortgage against the plaintiffs in error, in favor of the defendants in error.

The plaintiffs in error filed answer to the bill, in which it was averred that the plaintiff in error, Metropolitan Church Association, is an incorporated company, organized and incorporated under the laws of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the State of Illinois, not for pecuniary profit; that it was governed by a board of three trustees; that there had never been passed by the said plaintiff in error or its board of trustees any by-law, resolution or any authority whatever, to authorize the president and secretary to execute the trust deed and note described in complainant's bill; that the board of trustees of the said plaintiff in error had not, at any time, ratified the action of its president and secretary in executing said instruments. The answer admitted being indebted on December 31, 1909, to the defendant in error in the sum of $2,000, and admitted to having received of the defendant in error the $2,000 mentioned in complainant's bill.

Replication was filed to the answer, and the cause was referred to the master in chancery to take and report the proofs.

Upon the incoming of the report of the master, exceptions were filed thereto, and the cause submitted to the court. A decree was entered in favor of the defendants in error in the sum of $2,370.05, and foreclosure awarded. From this decree this record is brought before us for review by a writ of error.

The undisputed facts, as appear from this record, are, that the debt for which the note and trust deed here involved were given for money borrowed from a former conservator of the defendant in error's intestate, by the president and secretary of the board of trustees of the plaintiff in error, for the purpose of making a payment upon the purchase price of the property described in the trust deed here involved, which was purchased by the said president and secretary of such board of trustees of plaintiff in error for a church site. Immediately after the completion of the loan in question, a deed to the site was delivered to the said president and secretary of the plaintiff in error, and the plaintiff in error, the Metropolitan Church Association, took possession and have held and used such property for church purposes from that time on.

The note and trust deed were signed as follows:

"METROPOLITAN CHURCH ASSOCIATION.
DUKE M. FARSON, Pres.
E. L. HARVEY, Secy."

and the same was attested by the corporate seal.

It is contended by the plaintiff in error that the president and secretary of its board of directors or trustees had no power or authority to bind the corporation; that they acted without the direction or approval of the plaintiff in error.

The plaintiff in error, the Metropolitan Church Association, had power, under our statute, to purchase real estate for its corporate purposes, and to borrow money and mortgage such property to secure such loan, so that the question of its being an act *ultra vires,* so far as the corporation is concerned, need not be considered. It had the power and it remains to be seen whether or not it exercised the power in any of the methods recognized by law.

The subject of the power of such corporations and their agents to act for them in cases of the character of the one at bar is fully discussed by our Supreme Court in *Alton Mfg. Co. v. Garrett Biblical Institute,* 243 Ill. 298, from which we quote:

"Might exercise this authority in a number of ways: (1) They might appoint one of their number as agent of the corporation for that purpose and expressly or impliedly clothe him with authority to borrow money and give notes; (2) where no actual authority has been conferred upon the agent of the corporation to borrow money and give notes but where the agent has done so, and with full knowledge of all the facts the corporation has approved and ratified the acts of the agent, it will be liable to the same extent as if actual authority had been given to perform the acts; (3) where no authority had been given or existed in the agent to borrow money but where the corporation received the use and benefit of the money it will be liable; (4) by holding an agent out to the public as possessing author-

ity to exercise the powers assumed by the agent and to do the acts performed by him, in which case the corporation would be bound to the extent of the agent's apparent authority.''

It appears from the record in this case that immediately upon the purchase of the property in question, the congregation, for which the president and secretary (two of the trustees) acted, moved in and took possession and exercised all of the acts of control over said property. It would be marvelous to say, without any notice or knowledge of the action of the two trustees or any one else, that the whole congregation, of one accord, would from thenceforth assemble there weekly for religious services and be ignorant of the act of the officers in securing the property.

The proof further shows that the treasurer of the plaintiff in error, who was the third member of the board of trustees, paid two instalments of interest upon the note secured by the trust deed in question, and sent the third instalment of interest, in form of a check, to Mr. Webber, who had previously acted as conservator of defendants in error's intestate at the time of the making of the loan, but who had resigned at the date of the receipt of the check for the third instalment of interest. This check was signed: ''Metropolitan Church Assn., by Mrs. Harvey, Treas.'' and was returned to her with directions to send it to the defendant in error. These facts present the action of the congregation covering a period of more than eighteen months after the property had been bought, possession taken, loan made and mortgage executed.

Very slight circumstances are sufficient to establish a ratification by the plaintiff in error of the acts of its officers where the benefits all inured to the advantage of the plaintiff in error.

In *National Home B. & L. Ass'n v. Home Sav. Bank,* 181 Ill. 35, the Court uses the following language:

"It (meaning *ultra vires*) has been applied indiscriminately to different states of fact in such a way as to cause considerable confusion. When used as applicable to some conditions, it has been frequently said that a corporation is estopped to make such a defense where it has received the benefit of the contract. For example, the term has been applied to acts of directors or officers which are outside and beyond the scope of their authority, and therefore are invasions of the rights of stockholders, but which are within the powers of the corporation. In such case the act may become binding by ratification, consent and acquiesence, or by the corporation receiving the benefit of the contract."

The facts in this case warrant us in concluding that the action of the trustees, or officers, was ratified, consented to and acquiesced in; and, beyond question, the plaintiff in error received the benefit of the loan to secure which the note and trust deed were given, and still hold and retain such benefit. In equity the plaintiff in error will not be permitted to accept the benefits of the agent's contract, and, at the same time, repudiate that part of the agent's acts by which it secured title to the property.

Believing that exact justice has been done in this case, the decree will be, and is, affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part.