May Term,
1861.

HARRIMAN
v.
SOUTHAM.

---

## HARRIMAN *v.* SOUTHAM.

A title by deed implies a contract, or at least competent parties; and hence a deed to a person having no existence passes no title from the grantor.

There never having been (according to the answer in this case) a corporation in this State, acting under color of authority, by the name of the "*Fort Wayne and Southern Railroad Company*," a conveyance to such supposed corporation did not divest the grantor of his title.

The grantor is not estopped, in such case, to deny the existence of the corporation, as the doctrine of estoppel only applies to cases where there is an existing statute, known to the Courts, authorizing such corporation.

Saturday,
June 1.

APPEAL from the *Henry* Circuit Court.

PERKINS, J.—*Harriman* sued *Southam* to recover a tract of land. *Harriman* owned the land in question in 1854, and conveyed it to the *Fort Wayne and Southern Railroad Company* for stock. A judgment was obtained against the company, the land sold on execution by virtue of it, and *Southam* became the purchaser.

According to the answer, there never was a corporation in this State by the name of the "*Fort Wayne and Southern Railroad Company*," acting under color of authority. *The State* v. *Dawson et al.*, at this term.

Hence, there was no grantee to receive the title attempted to be conveyed by *Harriman*. "A title by deed implies a contract, or at least competent parties. A deed to a person having no existence is generally inoperative, and passes no title from the grantor." "If a man grant his estate to an imaginary corporation, which exists only in his own mind, no title passes." *Russell* v. *Topping*, 5 McLean, 202.

The doctrine of estoppel does not apply in this case. In

*Jones* v. *The Cincinnati Type Foundry Co.*, 14 Ind. 89, it is said, touching contracts with corporations:

" The doctrine of conclusive estoppel seems more properly applied to cases involving the question of legality of organization, where the fact of an existing statute authorizing, in the given case, such corporation, is known to the Court, either by judicial notice, or actual evidence in the cause."

In such cases, the power existing, the regularity of its exercise is admitted by the person contracting with the corporation. Here, there was no grant of power existing for the creation of the corporation pretended to be organized, and hence no even irregularly organized corporation.

The consequence is, no title passed from *Harriman*, and the land still remains his.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*C. B. Smith, W. J. Smith* and *M. L. Bundy*, for the appellant.

*J. H. Mellett* and *E. B. Martindale*, for the appellee.

(1.) The averments of the answer, as to the corporate existence of the *Fort Wayne and Southern Railroad Company*, were as follows, viz., " That the said *Fort Wayne and Southern Railroad Company* was at that time a corporation, organized under a special charter passed by the Legislature of the State of *Indiana* in the year 1849, and organized on the first day of *June*, 1852, to which the plaintiff might legally convey.