Nov. Term,
1861.

GILLESPIE
v.
THE
FORT WAYNE
AND
SOUTHERN
RAILROAD Co

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for trial.

*Geo. K. Carter* and *W. W. Leathers*, for the appellant.
*C. C. Nave* and *J. Witherow*, for the appellee.

———•◆•———

GILLESPIE *v.* THE FORT WAYNE AND SOUTHERN RAILROAD
COMPANY.

Suit upon a promissory note. Answer: that the note was given for certain shares of the capital stock of *The Fort Wayne and Southern Railroad Company*, and that at the time of giving the same the said corporation had no legal existence, in this: that said company was authorized by an act of the Legislature, in 1849, but did not act upon or accept said charter until *November* 19, 1852, before which time the new Constitution had gone into force, prohibiting the creation of corporations, other than banking, by special act.

*Held*, that the organization of the company was a naked assumption, without authority of law, or semblance of right.

*Held*, also, that a promise to a body or organization of men, professing to act as a corporation, in an instance, or under circumstances, where by law a corporation of that character could not have a legal existence, does not estop the person making it from showing the facts.

APPEAL from the *Grant* Circuit Court.

HANNA, J.—Suit on a note. Answer: among other things,

Nov. Term, 1861.

GILLESPIE
v.
THE
FORT WAYNE
AND
SOUTHERN
RAILROAD Co.

that the note was given to the company for shares of the capital stock of the same; that at the time of said promise said corporation had no legal existence, in this: that by act of the Legislature, in 1849, such corporation was authorized, but that said charter was not accepted, nor acted upon, nor was the company organized, until *November* 19, 1852. At that time no power or authority existed in the persons who attempted so to organize, to act under said charter; because the same had become inoperative, in consequence of the adoption of the new Constitution, on *November* 1, 1851; § 13 of the 11th article of which is, that "corporations, other than banking, shall not be created by special act, but may be formed under general laws." And by the schedule ordinance, "All laws now in force, and not inconsistent with this Constitution, shall remain in force until they shall expire or be repealed." The charter not having been accepted, nor in any manner acted upon, it can not be pretended that any vested rights had accrued under it. Under these circumstances, any franchises that the sovereign power may have intended to vest in the company, if they did not still remain in, certainly reverted to, the sovereign, upon the adoption of said Constitution. The organization, then, as stated in the answer, and admitted by the demurrer, was a naked assumption, without authority of law, or semblance of right, and any contract or promise entered into therewith falls within the reasoning and authorities cited in *Harriman* v. *Southam*, 16 Ind. 190. The demurrer to the answer should have been overruled; because a promise to a body or organization of men, professing to act as a corporation, in an instance, or under circumstances, where by law a corporation of that character could not have a legal existence, does not estop the person making it from showing the facts.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. Brownlee*, for the appellant.

*R. T. St. John*, for the appellee.