## Brown v. Phillipps *et al.*

1. CONSTITUTIONAL LAW: BILL TO.CANCEL CONVEYANCE. A bill to cancel a conveyance of lands to a railroad company incorporated by the Legislature of the State of Indiana showed, that the act of incorporation was passed before the taking effect of the present Constitution of that State, but that it was not accepted and the incorporation perfected until thereafter; that said constitution prohibits the creation of such corporations by special act; that the lands conveyed to said company in payment for stock therein have since been conveyed to third persons who are made respondents therein. *Held*, upon the authority of *Snyder* v. *Studabaker*, decided by the Supreme Court of Indiana, that there is no equity in the bill.

2. CONSTRUCTION OF CONSTITUTION. The construction given by the court of last resort in another state to the Constitution thereof will be followed by the Supreme Court of this State.

*Appeal from Jones District Court.*

TUESDAY, APRIL 26.

IN EQUITY. In January, 1849, the Legislature of the State of Indiana passed an act entitled "An act to incor-

porate the Fort Wayne and Southern Railroad Company," said incorporation to continue not more than seventy-five years.

The present Constitution of that State took effect November 1st, 1851, and supersedes that of 1816. All laws in force at the time said Constitution took effect, not inconsistent therewith, continued in force until they expired or were repealed. Acts of incorporation for municipal purposes continued in force until modified or repealed by the legislature. Corporations for other than banking purposes could not be created by special act, but might under general laws.

The foregoing matters are set out at length in complainant's petition. It is further alleged that the persons named in said act as corporators did not accept said charter prior to November 1st, 1851, and not until June 2d, 1852; since which time they have assumed to act as a corporation, under the name and style therein designated. It is also shown that on the 27th of April, 1853, said organization falsely assuming and pretending to be a corporation, &c., induced petitioner to exchange certain lands in Jones county, in this State, "for certificates of stock in said corporation;" that petitioner made a deed conveying said lands to said pretended company ; that the title to said real estate has since passed to the several respondents named; that the said company had no legal existence, and was incapable of taking or holding said title, or conveying the same. The prayer is, that all said conveyances may be set aside, and the title to said land be declared to be in said complainant. A demurrer to the bill was sustained, and complainant appeals.

*G. W. Field* for the appellant, cited Angell & A., Corp., 53; *Donworth & Behan* v. *Coolbaugh*, 5 Iowa, 300; Grant. Corp., 13; *Miller* v. *Chittenden*, 2 Iowa, 368 ; *Casey* v. *Cin-*

*cinnati and Chicago Railroad Company*, 5 Iowa, 357 ; *Russell* v. *Topping*, 5 McLean, 202 ; *The State, ex rel.*, v. *Dawson*, 18 Ind., 40.

*Hubbard & Stephens* and *S. T. Pierce* for the appellees, cited the following authorities : *Snyder* v. *Studabaker*, Supreme Court of Indiana, 2 Greenl. Ev., § 230 *a* ; 2 Stark., 266, 268 ; *Guaga Iron Company* v. *Dawson*, 4 Blackf., 202 ; *John* v. *Farmers' and Mechanics' Bank*, 2 Id., 367 ; *Dutchess Cotton Manufacturing Company* v. *Davis*, 14 Johns., 238.

WRIGHT, C. J. — It is not pretended that the several respondents holding titles to these lands, under the railroad company, had any knowledge of any of the misrepresentations or frauds made or practiced at the time of executing the deed of April 27th, 1853. But the claim is, that after the new Constitution of the State of Indiana took effect, the corporation had no right or power to organize, inasmuch as by the provisions of that instrument the said special act of incorporation was repealed. In connection with this proposition the argument is, that the corporation was not created by the act ; that it was a mere proposition by the sovereign power, and until accepted by the persons to whom offered, it was not a contract, and no rights could become vested thereunder. The corporation did not, according to the bill, accept the proposition, or organize under the charter until June, 1852. At this time there was no act giving them such right ; there was, as a consequence, no legal organization, and no corporation capable of taking, holding or conveying real estate, or enjoying other rights and privileges.

Such, in brief, is complainant's argument. Without entering into the discussion, we remark that it is sufficiently answered, and every question made thereon is set completely at rest by a case recently decided in the Supreme Court of the State of Indiana. In March, 1853, Snyder

conveyed to this same railroad company, on account of stock subscription, a certain tract of land, which, in November, 1855, was conveyed by the company to Studabaker. Snyder brought ejectment against Studabaker, and on the pleadings and evidence the same facts, in substance, were developed, as stated by complainant in the present instance. The Court (WORDEN, J. delivering the opinion), held, that the defendants title was paramount, and plaintiff could not recover. (*Snyder* v. *Studabaker*, Sup. Ct. of Indiana, Feb., 1863.) This case overrules that of *Harmon* v. *Louthan*, 16 Ind., 190, cited by counsel; and while we cannot say positively (not having the case before us), we conclude that the same is true of *The State ex rel* v. *Damon*, 18 Id., 40.

It will be seen that the two cases are almost precisely alike in their facts. There, as here, the contest was not between the corporation and the party dealing with it, as in *Casey* v. *The Cincinnati and Chicago Railroad Company*, 5 Iowa, 357; but the rights of third persons intervened. And without adopting all the reasoning used, expressing a doubt also whether the case was placed by Judge WORDEN upon its strongest ground for the defendant, we nevertheless feel no hesitation in saying that, according to that ruling, complainant's bill is devoid of equity, and was properly dismissed. The very provisions of the Constitution and laws relied upon to set aside these conveyances, having been thus construed by the court of last resort in the State where made and adopted, we need no further authority for declaring that the ruling below should be

Affirmed.