## Silas Ramsey

*v.*

## The Peoria Marine & Fire Insurance Co. use, etc.

</div>

1. Corporation—*when its corporate existence must be proven.* In an action by a private corporation upon a promissory note given upon a subscription to the capital stock of the company, it is *held,* that under the plea ·of *nul tiel corporation,* it devolved upon the plaintiff to prove its corporate character, by the production of its charter, and proof of user under it.

2. Same—*proof of user.* In such case, the charter being produced, and the note in suit, the latter would establish user under the charter.

3. Same—*who may question the fact as to its organization.* A party who has contracted with a corporation *de facto,* is never permitted to allege any defect in its organization as affecting its capacity to contract or sue; but all such objections, if valid, are only available on behalf of the sovereign power of the State.

4. So in an action in the name of an insurance company, suing as a corporation, upon a promissory note executed to the company upon a subscription to its capital stock, it appeared the defendant was one of the original subscribers to such capital stock, and as such, had been elected and served, as one of the directors of the company: *Held,* these facts precluded him from making the objection, that the plaintiff had failed to prove a legal organization.

312                RAMSEY *v.* P. M. & F. INS. Co.        [Sept. T.,

Syllabus.    Opinion of the Court.

5. CONSIDERATION—*note given on subscription to stock.* A party who was an original subscriber to the capital stock of an insurance company, and gave his note therefor, afterwards transferred his stock to a third person, the note of the latter, to the company, being substituted for that of the former. Subsequently the stock was transferred back to the original owner, he, in turn, substituting his own note for that given to the company on the first transfer. In an action by the company upon such last mentioned note, it was *held,* the maker thereof could be regarded in no other light than as an original subscriber, the transfers of the stock being merely colorable, and he could not allege a want of consideration of the note by reason of the insolvency of the company at the time he gave the note sued upon.

6. CORPORATIONS—*of their right to sue after dissolution—construction of act of* 1869. Under the first section of the act of March 24, 1869, extending the time for closing up the affairs of corporations, where a corporation has been dissolved by a decree of court and a receiver appointed, a suit may be instituted and judgment recovered by the receiver, in the name of the corporation, after such dissolution, upon debts due to the corporation. For such purpose, the corporate capacity of the corporation is, by that act, continued for a period of two years after such dissolution.

7. The fourth section of the act, excluding from its operation any corporation the affairs of which are being wound up by order of any court, or when a receiver has been appointed, applies only to cases pending at the time of the passage of the act, not to cases which might thereafter arise.

APPEAL from the Circuit Court of Peoria County; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Messrs. COOPER & MOSS, for the appellant.

Messrs. McCULLOCH & RICE and Messrs. WORTHINGTON & PUTERBAUGH, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Peoria circuit court, on a promissory note, to which the general issue was pleaded, with leave to set up any defense, and put in any evidence which the defendant might, under any and all special pleas, well pleaded.

The action was brought to the November term, 1869, of the circuit court, by the Peoria Marine & Fire Insurance Company, for the use of William M. Dodge, receiver, on a stock note made by the defendant for the balance due on the purchase by him of seventy shares of the stock of that company, at the par value of $100 per share.

The note bore date July 24, 1867, payable six months after date, with interest at the rate of ten per cent per annum.

On the introduction of the note in evidence, the defendant objected, on the ground that no evidence had been given of the incorporation of plaintiffs, and of their organization under the charter. This objection being overruled, the plaintiffs, on the introduction of the note, rested their case, whereupon the defendant moved the court to exclude the evidence from the jury, which motion was also overruled, and these present the point first made by appellant on this record.

We are to understand, under the stipulation in this case, that the plea of *nul tiel corporation* was put in, as that is a special plea in bar, which can be properly pleaded with the general issue.

Under such a plea, it is the doctrine of this court, and of many other courts, that the plaintiff must give evidence of their corporate character by the production of the charter, and proof of user under it.

The leading case in this court, upon this question, is *McIntire* v. *Preston*, 5 Gilm. 48, where the whole subject is fully considered. There it was said, in referring to the contrariety of decisions on the point as to the plea of the general issue raising the question of the capacity of the plaintiff to sue in the character he had assumed, the better rule is, that in suits brought by corporations, the defendant, by pleading the general issue, admits the capacity of the plaintiff to sue, and that, if the defendant would deny the existence of the corporation, he must put in a plea for that purpose.

So early as 1825, this court held, where a private corporation sues to recover real property, or upon a contract, it must,

under the general issue, produce the act of incorporation. *Hargrave* v. *The Bank of Illinois,* Breese (Beecher's Ed.) 122 ; *Jones* v. *The Bank of Illinois,* ib. 124, and this ruling has not been departed from by this court. By the stipulation, the existence of the plaintiffs as a corporation was directly in issue, and the court erred in permitting the note to go in evidence without proof of the corporate character of the plaintiffs. Such proof could readily have been made by producing the charter, and the note in suit would have established user under the charter. *McIntire* v. *Preston, supra.*

But the cause proceeded on evidence submitted by the appellant, a portion of which consisted of the charter granted by the general assembly, and thus the defective portion of the plaintiffs' case was supplied.

The next point made by appellant is, that appellees failed to prove a legal organization of the company.

The proof shows, that appellant was one of the original subscribers to the capital stock of this company, and as such, had been elected and served as one of the directors. These facts preclude appellant from making this objection. His acts as a director, implying that it was a corporation, estop him from denying its incorporation. It is a settled rule that a party who has contracted with a corporation *de facto,* is never permitted to allege any defect in its organization, as affecting its capacity to contract or sue; but all such objections, if valid, are only available on behalf of the sovereign power of the State. *Stone* v. *Great Western Oil Co.* 41 Ill. 85 ; *Palmer* v. *Lawrence,* 3 Sandf. (N. Y.) 161. Many other cases to the same effect might be cited, but it is unnecessary.

The next point made by appellant is, there was no sufficient consideration for the note.

The evidence shows that appellant was an original subscriber to the stock of this company, to the extent of seventy shares, for which he executed a stock note, and on which he had paid a large amount, and on entering the army, he transferred his stock to one Chandler, he, Chandler, paying

nothing therefor, but substituting his note for appellant's. On his return from the army in 1866, Chandler surrendered the stock to appellant, withdrawing his note, and substituting the note of appellant now in suit.

Appellant can not be considered in any other light than as an original subscriber, the transaction with Chandler being merely colorable, no consideration having passed to him from appellant.

It is now insisted by appellant, when he received back his stock the same was worthless, and that he received it on the representations of the officers of the company, that its affairs were in a prosperous condition, and its capital unimpaired.

The only testimony as to these representations is that of appellant and of Tyng, the secretary of the company, and they are in conflict. Appellant was his own judge of the value of this stock when he became a subscriber, and if the investment has not been profitable, it is his misfortune. It may be, his default in not paying this stock note contributed to the inability of the company to meet its engagements, and it would be unjust to allow appellant to set up the insolvency of the company as a defense to the payment of his note.

The third point made by appellant is, that the corporation had ceased to be, by reason of its dissolution by the decree of the circuit court of Peoria county.

This action was commenced before the final decree was entered in the cause, and the decree itself was passed before plea pleaded, and of which appellant is presumed to have notice.

It is doubtless true, by the common law, upon the dissolution of a corporation, debts due to or from it become extinguished, in the absence of some statutory provision to preserve them.

Has our legislature made any provision on this subject?

A reference to an act entitled, "an act to amend an act entitled 'Abatement,' approved March, 1845, and to extend the

time for closing up the affairs of corporations," will show it has full provisions on this subject. Sess. Laws 1869, p. 1.

The first section provides, that all corporations created by special acts, or under general laws, and whose charters, or acts of incorporation, may have expired for any reason whatever, shall continue their corporate capacity during the term of two years, for the sole purpose of collecting the debts due to said corporations, and selling and conveying the property and estate thereof. Section 2 provides, that the companies shall use the name of their respective corporations for the purposes aforesaid, and shall be capable of prosecuting and defending all suits at law or in equity; and, by section 3, the dissolution, for any cause whatever, of any company, shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution. Section 4 provides, that no suit pending, at law or in equity, for or against any such corporation, at the passage of this act, shall abate by reason of the expiration of the time for which the corporation was created, if such suits were commenced before the expiration of such companies; and all companies whose charters may have expired before the passage of this act, or who may have dissolved for any reason whatever, other than by judgment of court, shall have two years to collect their debts and convey their property, in order to wind up their affairs, and may, within two years, prosecute and defend suits in all courts of this State. The provisions of this act shall not apply nor extend to any corporation, the affairs of which are being wound up by order of any court, nor where a receiver has been appointed.

It is contended by appellant, that by this clause of the act, this case is excluded from its operation, as a receiver had been appointed.

This clause of the act has reference to cases then pending, not to cases which might thereafter arise. It was evidently the intention of the legislature to preserve to corporations,

whose charters might be forfeited, or their organization dissolved, the right to collect their debts and sell their property, through the agency of a receiver, he using the name of the corporation for such purpose, as in that mode, only, could he make collections of choses in action, or convey real estate.

We are of opinion, the first section of this act was intended by the legislature to apply to just such cases as this.

The remaining point made by appellant, is on the instructions. We find no fault with any of them, as they are in accordance with the views expressed in this opinion. For the reasons given, the judgment must be affirmed.

*Judgment affirmed.*