THE PEOPLE ex rel. John E. W. Wayman, Appellee, vs.
WILLIAM R. COWAN, Appellant.

*Opinion filed December 21, 1910.*

CORPORATIONS—*corporation organized to lease land and erect
office building may be ousted.* A corporation organized for the
purpose of leasing land for a long term and erecting an office build-
ing may be ousted on information by the People, and the fact that
it has erected its building, collected rent from tenants, sold stock
which has passed into the hands of *bona fide* purchasers, and other-
wise assumed and been permitted to exercise the powers purported
to be given by its charter, is no defense. (*Imperial Building Co.
v. Chicago Open Board of Trade,* 238 Ill. 100, and *People v. Shedd,*
241 id. 155, adhered to.)

APPEAL from the Circuit Court of Cook county; the
Hon. H. S. POMEROY, Judge, presiding.

TAYLOR & McWILLIAMS, and HARRY S. MECARTNEY,
for appellant.

W. H. STEAD, Attorney General, and JOHN E. W.
WAYMAN, State's Attorney, (ZACH HOFHEIMER, of coun-
sel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

An information was filed in the circuit court of Cook
county against appellant and others, charging them with
acting as a corporation, under the name of "Imperial Build-
ing Company," without being legally incorporated. To the
information the respondents filed eight pleas, to which de-
murrers were sustained, and the respondents having elected
to stand by their pleas, judgment of ouster was rendered.
From this judgment appellant has perfected this appeal.

The first plea sets out the incorporation of the Imperial
Building Company under the general Incorporation act of
Illinois, the final certificate bearing date September 12, 1884.
The objects of the corporation were stated as follows:

"To lease for a term not to exceed ninety-nine (99) years, lots four (4) and nine (9), and part of lots five (5) and eight (8), all in block one hundred and fifteen (115), in School Section addition to Chicago, for the purpose of erecting thereon a building for the accommodation of tenants, to make leases, collect rents, and do all things incident to the management of said property."

The second plea sets out that the Imperial Building Company ever since its incorporation has been actively engaged in the business specified in its charter, has acquired a lease of the premises named in the charter, erected an office building thereon, equipped it with all necessary apparatus, has at all times been in open possession operating this building as a business, furnishing janitors and other workmen and agents, maintaining an office therein for such management and operation, and has paid all taxes on the property; that this possession and use have been known to all officers of the State and never questioned, and that stock of the company has changed hands from time to time and been transferred to *bona fide* purchasers upon the faith that the exercise of the franchise was legal and unquestioned.

The third plea sets forth a lease by the Imperial Building Company of part of this building to the Chicago Open Board of Trade; avers occupancy under such lease and estoppel of the lessee to question the corporate capacity of the lessor, and that this proceeding is instituted and prosecuted in the sole interest and at the sole request and expense of the Chicago Open Board of Trade.

The fourth plea sets out the incorporation as averred in the first plea; alleges the uniform construction, since its enactment, of the general Incorporation act of 1872 as authorizing corporations for this purpose, the issuing of numerous charters under this act for such purposes, and the failure of the State to ever question the right of such corporations to exist; that in Chicago alone $100,000,000

have been invested in the stock and $50,000,000 in the
bonds of such companies; that the courts of the State have
uniformly recognized and treated such companies as valid,
and the plea gives a list of over twenty-five such char-
ters, with dates of issue, ranging from 1873 to 1908, and
amounts of capital from $50,000 to $2,000,000.

The fifth plea sets forth the allegations of the first,
second and fourth pleas, and then alleges that respondents
own stock in the Imperial Building Company, acquired
prior to July, 1908, upon the faith that the charter was
valid and the State was estopped; that the proceeding seeks
to impair the obligation of contracts, in violation of sec-
tion 10 of article 1 of the Federal constitution, and to de-
prive respondents of property without due process of law,
in violation of section 1 of the fourteenth amendment to
the Federal constitution.

The sixth plea is the same as the fifth, except that it
claims protection also under sections 2 and 14 of article 2
of the constitution of Illinois.

The seventh plea again sets forth the allegations of the
first, second and fourth pleas, and alleges that respondents
own stock in the Imperial Building Company, acquired
prior to July, 1908, upon the faith that it was valid and
the State estopped; that since the enactment of the act of
1872 corporations have been organized under it to operate
hotels and safety deposit vaults and the purpose of such
corporations has been declared lawful, and that to uphold
the right in those cases and to deny it in this is a denial
of the equal protection of the laws, contrary to section 1
of the fourteenth amendment to the Federal constitution.

The eighth plea is the same as the seventh, except that
it claims also the protection of section 22 of article 4, sec-
tion 14 of article 2 and section 11 of article 1 of the con-
stitution of Illinois.

In the collateral proceeding of *Imperial Building Co.*
v. *Chicago Open Board of Trade,* 238 Ill. 100, the charter

here in question was held to be invalid. In *People* v. *Shedd,* 241 Ill. 155, the same questions which are involved here were presented and determined adversely to the appellant's contentions in this case. It would serve no useful purpose to repeat here the reasons we then gave for the conclusions reached in those cases. For the reasons there assigned the judgment of the circuit court is affirmed.

*Judgment affirmed.*