(No. 12973.—Reversed and remanded.)

WILLIAM B. MCILVAINE et al. Trustees, Appellees, vs. HENRY G. FOREMAN et al.—(EMILY D. McCORD et al. Trustees, Appellants.)

*Opinion filed February 18, 1920—Rehearing denied April 14, 1920.*

1. CORPORATIONS—*whether corporation is organized for lawful purpose is determined from its charter.* Whether the purpose of a corporation is within the scope of the statute under which the corporation is sought to be organized is to be determined from its charter.

2. SAME—*corporation to hold real estate as an investment can not be organized under the general Incorporation act.* The general Incorporation act does not authorize the organization of a corporation for the purpose of acquiring leasehold estates in real property and the erection and improvement of buildings thereon as an investment.

3. SAME—*organization of corporation is void if its only real purpose is unauthorized.* Where the only real purpose of a corporation is the acquiring of a leasehold estate in land and the maintaining of a building thereon as an investment, its organization under the general Incorporation act is void, although one of the declared objects of its charter is the construction and leasing of safety deposit vaults.

4. SAME—*when any party affected may question legality of act of corporation.* Where a corporation has the general power to do an act necessary for its proper corporate purpose, the State, only, may raise the question of abuse of such power, but where the act done is beyond the legal powers of the corporation the act is wholly void and its legality may be questioned by any party affected by it.

5. SAME—*effect where lease to corporation is ultra vires and void.* Where the sole purpose of the organization of a corporation under the general law is to acquire a lease of land and maintain a building thereon as an investment, a lease of the property to such corporation is void and may be set aside by the lessor or the trustees of her estate at any time, and all equitable rights of the stockholders are satisfied if they receive the actual cash value of the building, which was purchased and improved by the corporation.

6. PARTITION—*complainants must show title.* To entitle complainants to a decree ordering partition it is necessary for them to show title to the property, and if the complainants rest their claim on a void lease no title is shown.

DUNN, C. J., and CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

MAYER, MEYER, AUSTRIAN & PLATT, (LEVY MAYER, and HENRY RUSSELL PLATT, of counsel,) for appellants.

WILSON, MCILVAINE, HALE & TEMPLETON, (WILLIAM B. MCILVAINE, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On and prior to February 15, 1888, Lucy J. Rowe was the owner of a lot at the northeast corner of State street and Adams street, in the city of Chicago, then subject to a twenty-year lease expiring April 30, 1888. Under the provisions of this lease the lessee had erected a four-story brick building, which is still standing upon said lot. Under the terms of the lease the lessor was obligated at the end of the term to pay to the lessee eighty-five per cent of the appraised value of the building and improvements then standing upon said lot. Henry G. Foreman, one of the defendants below and an appellee here, and certain associates, being desirous of obtaining a ninety-nine year lease on this lot, employed John P. Wilson and his associates to organize a corporation for the purpose of acquiring this leasehold. The Dakota Building Company was organized, its charter declaring that "the object for which it is formed is the erection of buildings and the construction and leasing of safety deposit vaults and the acquiring of leasehold estates in real estate situated in the said county of Cook and the erection and improvement of buildings thereon." The capital stock was fixed at $100,000, and all the shares of stock were issued and delivered to Foreman and his associates. February 15, 1888, Lucy J. Rowe and her husband executed a ninety-nine year lease to the Dakota Building Company at an annual rental of $25,000, besides the payment of taxes,

insurance and assessments. The lessee company agreed to purchase the building then standing upon the premises and to spend at least $20,000 in repairing and improving said building. The company paid $45,000 for the building and spent $34,000 in repairing and improving the same. The building was an ordinary commercial building and was used for general mercantile and office purposes. It was not a safety deposit vault nor was it so constructed as to be adapted for use as a safety deposit vault and no part has ever been used as such, nor has the building ever contained any safety deposit vaults of any kind except ordinary vaults used by the tenants of said building for their own private use. Henry G. Foreman continued as a stockholder in the Dakota Building Company, and in addition to his original holding of 142½ shares acquired 357½ shares of stock by purchase from original holders, so that by June 16, 1902, he was the owner of one-half of the stock of said company. John P. Wilson, one of the attorneys who had charge of the organization of the company, acquired by purchase the remaining 500 shares of stock in said company. In 1907 the Dakota Building Company sub-leased the entire property to C. D. Peacock for a term of twenty years, at a net rental of $75,000 per annum for the first ten years of the term and $80,000 per annum for the last ten years of the term. In 1908 Lucy J. Rowe died leaving a will, by which she devised the property in question to appellants as trustees. In October, 1917, the Dakota Building Company executed instruments of conveyance of the leasehold estate, conveying to Henry G. Foreman an undivided half interest and to William B. McIlvaine and John P. Wilson, Jr., as trustees under a deed of trust from John P. Wilson, an undivided half interest. For many years the monthly installments of rent had been paid by the lessee to the lessor by a deposit with the Northern Trust Company. The rent for November, 1917, and December, 1917, was paid to the Northern Trust Company by McIlvaine and Wilson, trus-

tees, and by Foreman, and the trust company issued receipts for said payments in the following printed form:

"No. . . . . . . . .                    Chicago, . . . . . . . . . . . . . . . .191. .

"Received of Henry G. Foreman, of Chicago, individually, and William B. McIlvaine and John P. Wilson, Jr., as trustees under deed of trust of John P. Wilson bearing date March 19, A. D. 1913, $2083.33 rent for above named month.

Trustees Estate Lucy J. Rowe, Deceased.

By . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

December 19, 1917, the lessors served notice on the lessees "renouncing and declaring null and void and of no effect that certain instrument dated February 15, 1888, and purporting to be an indenture of a lease between Lucy J. Rowe as lessor and the Dakota Building Company (so called) as lessee, which alleged lease purported to demise and lease to the said Dakota Building Company lot ten (10) in block three (3) in Fractional Section Fifteen (15) addition to Chicago, for the reason, among others, that the Dakota Building Company was not a legally organized corporation and had no power or right to receive the said purported lease or to enter on and take possession of the said premises therein described." In the same notice the appellants, while protesting that they were under no obligation so to do, offered to pay to the persons who contributed the money therefor, or their present representatives, the fair value of all buildings and improvements situated upon the demised premises.

December 21, 1917, William B. McIlvaine and John P. Wilson, Jr., as trustees, filed in the circuit court of Cook county their bill in partition, making Henry G. Foreman individually, and the trustees under the will of Lucy J. Rowe, deceased, defendants. The bill alleged that the appellants were claiming that said lease from Lucy J. Rowe to the Dakota Building Company was and is invalid and of no force and effect, and that said appellants claimed to be entitled to possession of the demised premises. To this bill the appellants answered, alleging invalidity of the lease and

averring that the leasehold estate purported to have been created thereby was null and void, and again offering, without admitting liability so to do, to pay the fair cash value of all buildings and improvements situated on said lot, subject to the fair value of the use and occupation thereof since the date of the notice given by them renouncing the lease. January 10, 1918, the appellants filed their cross-bill, asking that the alleged lease to the Dakota Building Company (so called) be declared to be a cloud upon the title of appellants and be set aside and declared null and void, the appellants again offering to pay the fair cash value of the improvements. By their amended answer to the cross-bill the appellees, among other things, raise the defense of *laches.* The facts were stipulated and the only questions presented are questions of law.. The chancellor dismissed the cross-bill for want of equity and found that appellees here are the owners of the leasehold estate in said property and that they are entitled to have division and partition of said property made among them in accordance with their respective rights and interests therein, and ordered such division and partition in accordance with the prayer of the original bill. From this decree an appeal was prayed and perfected and the cause is brought here for review.

We are called upon to determine, first, the validity of the incorporation of the Dakota Building Company; and second, the validity of the lease entered into between said company and Lucy J. Rowe.

Whether the purpose of a corporation is within the scope of the statute under which the corporation is sought to be organized is to be determined solely from its charter. We have heretofore held that the general Incorporation act does not authorize the organization of a corporation for the purpose of "acquiring * * * leasehold estates in real estate * * * and the erection and improvement of buildings thereon." (*Imperial Building Co. v. Board of Trade,* 238 Ill. 100.) But the fact that the articles of association

contain unauthorized provisions in addition to those which are authorized does not render the organization of the corporation void, for they may be rejected as surplusage. (*People* v. *Chicago Gas Trust Co.* 130 Ill. 268.) It is lawful for a corporation to be organized in this State for the purpose of engaging in the business of operating safety deposit vaults. (*Rector* v. *Hartford Deposit Co.* 190 Ill. 380.) But it is contended by appellants that the "construction and leasing of safety deposit vaults" is not operating them, and that it is no more lawful to organize a corporation for the purpose of constructing and leasing safety deposit vaults than it would be to organize a corporation for the purpose of constructing and leasing factories, mills or hotels. We do not consider it necessary to determine this question because it is conceded that the incorporators of the Dakota Building Company had no intention of engaging in the business of operating safety deposit vaults. We think it clear from the stipulation of facts filed in this cause that the only purpose of the organization of this corporation was the acquiring and holding of this piece of real estate as an investment, and it is equally clear that this object and purpose are against our statute and against the declared public policy of this State. (*Carroll* v. *City of East St. Louis,* 67 Ill. 568; *Imperial Building Co.* v. *Board of Trade, supra; People* v. *Shedd,* 241 Ill. 155.) The question here presented is not whether the power given this corporation by its charter has been abused, but the question is whether the corporation had any lawful authority, under its charter, to accept and hold the leasehold interest in this property. Where a corporation has the general power to possess real estate and a building necessary for its proper corporate purpose, the State, only, may raise the question of abuse of such power, (*Rector* v. *Hartford Deposit Co. supra,*) but where the act done by the corporation is beyond its legal powers the act is wholly void and of no legal effect and the legality of the act may be raised by any party

affected by it. (*National Home Building and Loan Ass'n* v. *Home Savings Bank,* 181 Ill. 35; *Central Transportation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24; *Converse* v. *Emerson & Co.* 242 Ill. 619; *North Avenue Building Ass'n* v. *Huber,* 270 id. 75; *Calumet and Chicago Canal and Dock Co.* v. *Conkling,* 273 id. 318.) All of the equitable rights of appellees are satisfied by the offer of appellants to pay appellees the actual cash value of the building on this property. (*Pullman Palace Car Co.* v. *Central Transportation Co.* 171 U. S. 138.) *Walker* v. *Taylor,* 252 Ill. 424, and *Johnson* v. *Northern Trust Co.* 265 id. 263, do not announce a doctrine contrary to the conclusion here reached.

Appellees seek by this proceeding to partition the alleged leasehold interest in this property. In order to entitle them to a decree ordering partition it was necessary for them to show title to the property. As we have seen, the lease taken by the Dakota Building Company was wholly void and therefore no title was conveyed by the company to the appellees. Appellants were entitled to have the lease declared null and void and to have the claims of all persons claiming by, through or under said lease declared to be of no effect as against their rights and in accordance with the prayer of their cross-bill. The chancellor therefore erred in dismissing the cross-bill for want of equity and in granting the prayer of the original bill and decreeing partition of the leasehold estate.

The rights of the sub-lessee, C. D. Peacock, (a corporation,) are not here involved and we do not pass on its rights under its lease.

The decree of the circuit court is reversed and the cause is remanded to the circuit court of Cook county for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

Dunn, C. J., and Carter, J., dissenting.